IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BENNIE EARL STEPHENS, 32941-077, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-1218-H |
| ) | |
| WARDEN DAN JOSLIN, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual Background**

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241.  Petitioner is an inmate in the federal prison system.  Respondent is Warden Dan Joslin

Petitioner pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  *United States v. Stephens*, 3:98-CR-365-H(06) (N.D. Tex., Dallas Division).  Punishment was assessed at 190 months confinement followed by five years supervised release.  The Fifth Circuit Court of Appeals dismissed Petitioner's appeal as frivolous.  *United States v. Stephens*, No. 99-10794 (5th Cir. July 18, 2000).  On October 4, 2001, Petitioner filed a motion to vacate, set-aside or correct sentence, pursuant to 28 U.S.C. § 2255.  On October 21, 2002, the District Court denied Petitioner's motion.  On July 28, 2003, the Fifth Circuit dismissed

Petitioner's appeal.

On June 14, 2005, Petitioner filed this petition. He argues that he is actually innocent and that he received ineffective assistance of counsel under the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

## II. Discussion

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (2001) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255

remedy.").

The savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.  Petitioner has failed to show that his claims of actual innocence and ineffective assistance of counsel satisfy the savings clause requirement.

Further, to the extent that Petitioner relies upon the *Booker* decision, the Fifth Circuit makes clear that to fall under the savings clause, the decision the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).  The Fifth Circuit has stated that *Booker* is not retroactively applicable on collateral review. *See Unites States v. Gentry*, No. 04-11221, 2005 WL 3317891 (5th Cir. Dec. 8, 2005).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed with prejudice.

Signed December 22, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).